UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
JO ANN ZITNANSKY and JARO ZITNANSKY,

                                    MEMORANDUM OPINION
              Plaintiff,                          and ORDER

        -against-                                    CV 05-2907 (ADS) (ETB)

INTERNATIONAL FIDELITY INSURANCE
COMPANY,

             Defendant.
----------------------------------------------------------------------X

      I will treat the letter of the pro se plaintiff, Jaro Zitnansky, as a motion for reconsideration of my order, dated September 26, 2005, which stays all proceedings, pending the outcome of the motion to dismiss now before the district judge.

      Although the pro se plaintiffs filed timely objection to this order, I am aware of no provision that would divest me of jurisdiction to consider a motion for reargument. Such an application, however, must be filed "within (10) days after the entry of the court's order determining the original motion." See Local Civil Rule 6.3, Motions for Reconsideration or Reargument. The order was entered on September 26, 2005. Allowing three (3) days for mailing, see Rule 6(e), Fed. R. Civ. P., and excluding any Saturday, Sunday or holiday because the time to file is less than eleven (11) days, see Rule 6(a), Fed. R. Civ. P., the deadline for plaintiffs' time to move to reargue was October 14, 2005. The pro se plaintiffs' correspondence, by Jaro Zitnansky, is dated October 18, 2005 and was not received by me until October 20, 2005. The application for reargument is untimely and is denied for that reason.

Because this is a pro se action, however, I will proceed further. Local Civil Rule requires the applicant to set forth "the matter or controlling decisions" which "the court has overlooked." Id. The pro se plaintiff has also failed to comply with this requirement, although he does argue that the defendant's failure to respond to what plaintiff characterizes as his "cross-motion, motion of discovery of moot doctrine res judicata, etc,." see correspondence of Jaro Zitnansky, dated October 18, 2005, should be deemed "as agreement" by defendant to conduct discovery. Id. It is noted that plaintiff is referring to papers filed with respect to the pending dismissal motion and not to the motion of the defendant to stay the proceedings pending the outcome of the motion to dismiss. In any event, new arguments will not be considered where raised, as here, for the first time in a motion for reargument. Caribbean Trading and Fidelity Corporation v. Nigerian National Petroleum Corporation, 948 F.2d 111, 115 (2d Cir. 1991).

For the foregoing reasons, the application by the pro se plaintiff, Jaro Zitnansky, dated October 18, 2005, is denied.

SO ORDERED:

Dated: Central Islip, New York
October 28, 2005

/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge